FILED
United States Court of Appeals
Tenth Circuit

January 11, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID WEBB,

      Plaintiff-Appellant,

v.

CLAIMETRICS MANAGEMENT,
LLC; EXPRESS SERVICES; DAVIS
ORTHOPEDICS & SPORTS
MEDICINE, a business entity in the
State of Utah; WORKCARE NORTH,
LLC; PERFORMANCE REHAB
CLINIC, LLC – SALT LAKE CITY,

      Defendants-Appellees.

No. 09-4226
(D.C. No. 2:08-CV-00842-CW)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

The district court dismissed this action with prejudice as a sanction for

David Webb's misrepresentations concerning diversity jurisdiction. Webb now

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claims the court abused its discretion in dismissing his case; the dismissal prevents him from further amending his complaint; and he should have been granted a hearing to clarify his state of citizenship. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Webb initiated this action under various state-law theories, including medical malpractice, defamation, and intentional infliction of emotional distress. In his amended complaint, Webb claimed he was negligently treated for a work-related injury and falsely accused of sexual harassment. He also sought damages for alleged violations of state and federal privacy laws,[1] and claimed to be a citizen of Hawaii for purposes of establishing diversity jurisdiction.

The magistrate recommended the case be dismissed for failure to state a claim, and, alternatively, as a sanction for what turned out to be Webb's misrepresentations concerning diversity jurisdiction. The district judge adopted the magistrate's report and recommendation and dismissed the entire case under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[2] Agreeing with the

---

[1] Webb invoked privacy laws from Oklahoma and Utah, as well as the Federal Wiretap Act, 18 U.S.C. §§ 2510-2522, alleging Claimetrics refused to help process his worker's compensation benefits unless he consented to having his telephone calls recorded. A magistrate judge liberally construed Webb's allegations "regarding the interception of communication" as raising a claim under § 2520, which provides a civil remedy for any person whose wire, oral, or electronic communication is intercepted in violation of the statute. R., Vol. 1 at 235. Based on this claim, the magistrate asserted federal question jurisdiction.

[2] The district judge did not specify whether the dismissal was with or without
(continued...)

magistrate's alternative recommendation as well, the district judge dismissed the case with prejudice as a sanction for Webb's efforts to falsely create diversity jurisdiction. The dismissal prompted this appeal.[3]

We first consider the sanction, as it is dispositive of this appeal. We review the appropriateness of the district court's sanction for an abuse of discretion, which occurs when the court relies on an erroneous legal conclusion or clearly erroneous factual finding. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007).

The magistrate recommended dismissal as a sanction because in 2009 Webb averred, in the United States District Court for the District of Hawaii, he had not been a citizen of that state since February 4, 2006, when he left for Utah to care for an elderly parent. R., Vol. 1 at 384, 387. But in order to create diversity jurisdiction in this case, Webb alleged that in 2008 and 2009 he *was* a citizen of Hawaii. *Id.* at 12, 231. Deeming these conflicting allegations a fraud on the

---

[2](...continued)
prejudice, and thus we presume the court entered dismissal with prejudice. *See* Fed. R. Civ. P. 41(b).

[3]     Webb broadly asserts "everything is to be considered" in this appeal because his notice of appeal and amended notice of appeal sought review of "the whole . . . Case." Reply Br. at 1 (underlining omitted). We afford Webb's pro se materials a liberal construction, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), but his assertion is ill-founded. "[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Consequently, any issue Webb intended to raise but failed to properly brief has been forfeited.

court, the magistrate applied *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), and determined: defendants had been prejudiced; the fraudulent allegations substantially interfered with the judicial process; Webb was highly culpable; there was no opportunity for advance notice; and a less severe sanction was inappropriate.[4]

The district judge agreed with the magistrate's assessment under *Ehrenhaus* and later denied Webb's motion for reconsideration. Although Webb insisted he actually did leave Hawaii and is now a citizen of South Dakota, the district judge rejected that explanation, reasoning that, even if true, Webb still falsely represented in this case that he was a citizen of Hawaii. Additionally, as the judge noted, Webb mailed his complaint from Utah and alleged his injury occurred on the job in Utah. The judge elaborated on the fourth *Ehrenhaus* factor concerning the advance notice given to Webb, and, on that score, ruled Webb could have responded when defendants introduced the Hawaii pleadings or

---

[4] Under *Ehrenhaus*, courts considering the sanction of dismissal should evaluate:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

965 F.2d at 921 (ellipsis, citations, and quotations omitted).

clarified his citizenship status in any of the four pleadings he filed after the magistrate issued his report and recommendation.

We perceive no error in the sanction imposed. The district judge properly analyzed Webb's misconduct under *Ehrenhaus* and determined dismissal was warranted, a decision well within the judge's permitted discretion. Webb insists he made no intentional misrepresentations in the District of Hawaii, but his explanation does not rectify his false representations in this case that he was a citizen of Hawaii. Although Webb protests the sanction as precluding him from again amending his complaint, that was the intended consequence for his deceptive conduct. And, while Webb contends he should have been granted a hearing to clarify his citizenship status, no hearing was necessary because the district judge was keenly aware of the circumstances underlying the sanction. *See Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 n.2 (10th Cir. 2005).

The judgment of the district court is AFFIRMED. Webb's motion to reconsider the denial of appellate counsel is DENIED, as are all other outstanding motions and requests for relief.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-5-